RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/9/11
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MIKE HOOKS, INC. | : | DOCKET NO. 2:10-1727 |
| VS. | : | JUDGE TRIMBLE |
| CEDRIC ESKRIDGE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court are two motions: (1) "Defendant's 12(b)(6) Motion to Dismiss Complaint for Declaratory Judgment filed on behalf of Mike Hooks, Inc." (R. #6) and (2) "Motion to Consolidate" (R. #7) filed by plaintiff, Mike Hooks, Inc.

### FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On November 16, 2010, plaintiff, Mike Hooks, Inc. ("Mike Hooks") filed the instant complaint for declaratory judgment[1] against defendant, Cedric Eskridge ("Eskridge"). In the complaint, Mike Hooks, the owner of the Dredge MIKE HOOKS (the "Dredge") and other vessels, alleges that on September 23, 2010, Mr. Eskridge sustained an injury to his back while working aboard the Dredge. The alleged accident occurred in the Calcasieu Ship Channel near Lake Charles, Louisiana.

Mike Hooks acknowledges its obligation to furnish maintenance and cure to a seaman injured in the service of its vessels. Mike Hooks alleges that Mr. Eskridge has provided very little information regarding his claim, leading Mike Hooks to filed the instant declaratory action for this

---

[1] R. #1.

court to determine if Mr. Eskridge's injuries were sustained in the course and scope of his employment with Mike Hooks, and/or if Mr. Eskridge has attained maximum medical improvement, thus relieving Mike Hooks of any further obligation to provide maintenance or cure payments to or on behalf of Mr. Eskridge. Mike Hooks also seeks a determination from this court as to whether or not it acted in an arbitrary, capricious or callous manner in its provision of maintenance and cure benefits to, or on behalf of Mr. Eskridge.

On December 27, 2010, Mr. Eskridge filed suit against Mike Hooks, Inc. also in federal court in the Western District of Louisiana, but in the Lafayette-Opelousas Division. The suit, filed pursuant to the Jones Act,[2] and General Maritime Law seeks damages, and maintenance and cure with respect to injuries Mr. Eskridge allegedly received in the September 22, 2010 accident.

On January 15, 2011, Mr. Eskridge filed a motion to dismiss the instant suit because of the pending lawsuit in the Lafayette-Opelousas Division which Mr. Eskridge maintains is a more convenient forum for the parties and the witnesses. Mr. Eskridge also asserts that Mike Hook's filing of the instant declaratory action is a preemptive action which the Fifth Circuit sharply criticizes and routinely dismisses.

On January 17, 2011, Mike Hooks filed a "Motion to Consolidate" the matter entitled <u>Cedric Eskridge and Yvonne Eskridge v. Mike Hooks, Inc.</u>[3] into the instant declaratory action. The bases for the consolidation is that the two cases involve common questions of law and fact, and that consolidation will avoid unnecessary costs and delays.

---

[2] 46 U.S.C. § 688.

[3] Civil Action No. 10-1881.

## LAW AND ANALYSIS

Mr. Eskridge maintains that the instant declaratory judgment should be dismissed because it is preemptive and the Fifth Circuit routinely rejects such cases involving maritime personal injuries. Mr. Eskridge cites numerous cases to support his position.[4] Mr. Eskridge argues several factors for the court to consider regarding whether we should dismiss this case: (1) there is a pending suit that can decide all matters in controversy in Mr. Eskridge's choice of forum in the Lafayette-Opelousas division of the Western District of Louisiana, (2) the declaratory action is preemptive in nature because it was filed fifty-five (55) days after the accident in an attempt to secure a venue of its choosing, and (3) the Lafayette-Opelousas Division of the Western district of Louisiana is a convenient forum for the parties and witnesses.

Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action.[5] Although "the district court's discretion is broad, it is not unfettered."[6] A district court may not dismiss a declaratory judgment action "on the basis of whim or personal disinclination."[7] The factors we must consider in determining whether to dismiss a

---

[4] Torch, Inc. v. Leblanc, 947 F.2d 193, 195 (5th Cir. 1991); Hercules Liftboat Co., L.L.C. v. Jones, 2007 WL 4355045 (W.D. La. 2007); Aries Marine Corp. v. Lolly, 2006 WL 681184 (W.D. La. 2006); Offshore Drilling Co. v. Fairchild, 2006 WL 2054445 (W.D. La. 2006); Specialty Diving of Louisiana v. Mahone, 2006 WL 4101325 (E.D. La. 2006); The Complaint of T. Baker Smith & Son, Inc. 1998 WL 151435 (E.D.La. 1998); Doucet & Adams, Inc. v. Hebert, 1993 WL 8623 (E.D.La. 1993); Belle Pass Towing Corp. v. Cheramie, 763 F.Supp. 1348 (E.D. La. 1991).

[5] St. Paul Ins.Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994); 28 U.S.C. § 2201.

[6] Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 n.12 (5th Cir. 1993).

[7] Id.

declaratory judgment include: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and the witnesses, and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.[8] We recognize that this matter does not involve another state court proceeding, but a suit filed in federal court, in the same district, but in a different division.

Mike Hooks argues that because Mr. Eskridge filed suit in the same court (the Western District of Louisiana), the proper course of action should be to consolidate the matter.[9] Because the instant suit was filed first (or has the lowest docket number), the Lafayette-Opelousas suit would be consolidated with the declaratory action, which would result in the case staying here in Lake Charles. Relying on Alabakis v. Iridium Holdings, LLC,[10] Mike Hooks asserts that the parties have no divisional right of venue. In Alabakis, the court, in deciding a motion to transfer, held that based on the Local Rules of the court and 28 U.S.C. § 137, the place of assignment rule did not create a right in a litigant in a civil action to assignment in a particular division.[11] The court ultimately denied the

---

[8] Id.

[9] Hence, the motion to consolidate by Mike Hooks which is also being considered in this ruling.

[10] 2007 WL 3245060, *1 (D.Md. 2007)(venue is determined on a district basis, and parties have "No 'right' to assignment within a specific division."); See also Crumrine v. NEG Micon USA, Inc., 104 F.Supp.2d 1123, 1126 (N.D.Iowa 2000)(venue is determined on the basis of judicial districts, not divisions).

[11] Alabakis, 2007 WL 3245060, at *1.

4

motion to transfer because there was no showing that the inconvenience was so great as to justify a transfer.

In 1988, Congress repealed the federal statute that formerly established "divisional venue" in civil cases in federal court.[12] However, it is possible that multi-divisional federal districts will have "divisional venue" rules.[13] The Western District of Louisiana has not adopted any local rules respecting divisional venue. 28 U.S.C. § 1404(1) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Mike Hooks and Mr. Eskridge do not dispute that the Western District is a proper venue for this dispute. Rather, they disagree as to the particular division (Lake Charles of Lafayette-Opelousas). Mike Hooks is a licensed Louisiana corporation with its corporate office in Calcasieu Parish; a corporate defendant is deemed to reside in all districts within which the defendant has sufficient contacts to support personal jurisdiction.[14] Mike Hooks asserts that Mr. Eskridge was initially treated in Calcasieu Parish and that at least one witness is a resident of Allen Parish.[15]

Mr. Eskridge submits that the Lafayette-Opelousas division is a more convenient forum

---

[12] 28 U.S.C. § 1393 (repealed effective February 17, 1989. See <u>Bishop v. C&P Trucking Co., Inc</u>, 840 F.Supp. 118, 119 (N.D. Ala. 1993)(when 28 U.S.C. § 1393 was repealed, the concept of divisional venue disappeared).

[13] See <u>I & M Rail Link v. Northstar Navigation</u>, 21 F.Supp.2d 849, 858 (N.D.Ill. 1998)(Because the Northern District of Illinois has no local rule requiring divisional venue, the plaintiff could have filed its federal suit in either division).

[14] See 28 U.S.C. § 1391(c).

[15] Allen Parish is located within the Lake Charles division. LR 77.3W.

because the following witnesses reside therein: (1) Cedric Eskridge, (2) Yvonne Eskridge, (3) Dr. Mack (treating physician), (4) Dr. Cobb (treating physician) and (5) Dr. Jewell. Mr. Eskridge also asserts that his counsel and the experts most likely to be retained will either reside in the Lafayette-Opelousas division, or reside closer to the Lafayette-Opelousas division than to the Lake Charles division. Mr. Eskridge argues that it would be a waste of judicial economy to litigate the two lawsuits in different divisions.

Mr. Eskridge further argues that to allow the declaratory plaintiff to gain precedence in time and forum, forces the injured seaman to litigate his Jones Act claims via a compulsory counterclaim at a time and a forum of his employer's choosing.[16] Mr. Eskridge submits that such legal maneuvering is disfavored by the Fifth Circuit. The court notes that in Time, Inc. v. Manning,[17] and Peteet v. Dow Chemical Co.,[18] the court held that a plaintiff is generally entitled to choose his forum and that choice is "highly esteemed."

In deciding whether to entertain a declaratory action, the court considers the following factors: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[19] The only issue to be considered is whether to exercise our discretion to dismiss the case. Mr. Eskridge acknowledges that there is not a "pending state court action", rather there is a pending

---

[16] Aries Marine Corp. v. Lolly, 2006 WL 681184 (W.D. La. 2006), citing Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774 (5th Cir. 1993).

[17] 366 F.2d 690, 698 (5th Cir. 1966).

[18] 868 F.2d 1428, 1436 (5th Cir. 1989) citing Menendez Rodriquez v. PanAm. Life Ins. Co., 311 F.2d 429, 434 (5th Cir. 1962).

[19] Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5th Cir. 2003).

federal court action, albeit in another division. In Sherwin-Williams Co.,[20] the court concluded that a per se rule requiring a district court to hear a declaratory judgment action because of the lack of a pending state court case is inconsistent with the discretionary authority of the court. The court reasoned that since the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action, the lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action.[21] Mr. Eskridge also submits that in both Hercules, supra and Aries Marine, supra, the Western District Court reasoned that dismissal was appropriate because the injured seaman's choice of forum is given great deference.

Mr. Eskridge next maintains that Mike Hooks filed this preemptive suit in anticipation of suit being filed and is forum shopping. Mr. Eskridge remarks that under the Jones Act and General Maritime Law, the injured seaman enjoys a three (3) year statute of limitation. Mr. Eskridge then notes that Mike Hooks filed suit just 55 days after the alleged incident occurred and that Mike Hooks has a pattern of filing preemptive declaratory actions. We do not find that Mike Hooks has a pattern of filing preemptive declaratory actions based on ten to fourteen filings over a twenty-five year period, nor are we entirely persuaded that the instant declaratory action was preemptive based on Mike Hooks' allegations in their brief that they have been unable to obtain relevant information, and that based on evidence that Mike Hooks has developed, Mr. Eskridge's claims of injury have been

---

[20] 343 F.3d at 394.

[21] See also Hercules Liftboat, supra (court rejects Hercules argument explaining that there is no authority to support the contention that a pending federal court action, rather than a state court action, constituted a factor in the analysis). We, however, acknowledge that this is a district court case that is not binding on us.

called into question.

As to inequities that would exist in allowing the declaratory plaintiff to gain precedence in time and forum, Mr. Eskridge cites Aries Marine, supra and Travelers Ins. Co., supra, cases which disfavored seaman employers who raced to the courthouse in order to gain precedence in time and forum, and forcing an injured seaman to litigate Jones Act claims via a compulsory counterclaim at a time and a forum of his employer's choosing.

Next, Mr. Eskridge maintains that the Lafayette-Opelousas Division is an appropriate venue because Mike Hooks, a licensed Louisiana corporation resides and/or is subject to personal jurisdiction in every judicial district in the state. In a state with multiple judicial districts, a corporate defendant is deemed to reside in all districts within which the defendant has sufficient contacts to support personal jurisdiction.[22] Furthermore, Mr. Eskridge notes that the Lafayette-Opelousas Division is a convenient forum because five (5) of the witnesses and plaintiff's counsel reside therein and plaintiff's experts will most likely be from the area or reside closer to Lafayette than Lake Charles.

Finally, Mr. Eskridge maintains that retaining this lawsuit would not serve the purpose of judicial economy, given the fact that there is a pending federal suit that could litigate all matters that are the subject of this lawsuit, i.e., maintenance and cure.

We hesitate to find that this declaratory action is a "preemptive" suit. However, because Mr. Eskridge's choice of forum is to be "highly esteemed," and it seems to be more convenient for this case to be tried in Lafayette due to the location of a majority of the witnesses, judicial economy would indeed be wasted if we were to continue to proceed with the instant declaratory action.

---

[22] 28 U.S.C. § 1391(c).

While judicial economy could be had by consolidating this lawsuit with the pending Lafayette-Opelousas lawsuit, we find that plaintiff's choice of forum and the convenience of the party/witnesses weighs heavily in favor of dismissing the instant lawsuit in order for Mr. Eskridge's lawsuit to be fully litigated in the Lafayette-Opelousas federal court.

### CONCLUSION

Based on the foregoing, the motion to dismiss will be granted, and the motion to consolidate will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE